# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 8, 2012

## MIDDLE TENNESSEE STATE UNIVERSITY v. TRACY SORRELL SIMMONS A/K/A TRAY SIMMONS

**Appeal from the Circuit Court for Davidson County**
**No. 08C-2225     Thomas W. Brothers, Judge**

---

**No. M2011-00825-COA-R3-CV - Filed June 15, 2012**

---

A former student who obtained a student loan from Middle Tennessee State University appeals the judgment of the trial court holding him liable on the student loan, including interest that accrued thereon, costs of collection, attorney's fees and discretionary costs. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

William H. Stover, Nashville, Tennessee, for the appellant, Tracy Sorrell Simmons a/k/a Tray Simmons.

John R. Cheadle, Jr., and Mary K. Barnard, Nashville, Tennessee, for the appellee, Middle Tennessee State University.

## MEMORANDUM OPINION[1]

Middle Tennessee State University ("MTSU") filed a civil warrant in the Davidson County General Sessions Court to recover the balance due on a student loan promissory note

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

("Perkins Loan"). A default judgment was entered against the appellant, Tracy Sorrell Simmons, a/k/a Tray Simmons ("Simmons") on June 25, 2008, for $23,087.39. Simmons filed an appeal to the Davidson County Circuit Court on July 2, 2008.

On September 4, 2008, the Circuit Court entered an order making the judgment of the General Sessions Court the judgment of the Circuit Court due to Simmons's failure to set the case for trial within forty-five days, pursuant to Local Rule 20(b), *Twentieth District Local Rules of Practice (Davidson County).* On September 12, 2008, Simmons filed a Tennessee Rule of Civil Procedure 60 motion for relief from the order, asking that it be set aside based on Simmons's claim that he was unable to have his appeal set for trial within forty-five days because he had kidney stones and had undergone kidney stone surgery. MTSU opposed the motion. On November 3, 2008, the Circuit Court set aside the dismissal of Simmons's appeal, contingent upon Simmons providing written verification from his physician that he was physically incapacitated during the months of June, July, and August of 2008, as a result of kidney stones and kidney stone surgery.

On January 23, 2008, the court granted MTSU's motion to compel Simmons to appear at his rescheduled deposition and, once again, dismissed Simmons's appeal, this time for Simmons's failure to provide written verification from his physician as previously ordered. On January 26, 2009, Simmons filed a motion to set aside the order granting MTSU's motion to compel and dismissing Simmons's appeal. MTSU filed a response and on March 4, 2009, the court granted Simmons's motion to set aside the second dismissal of his appeal and set the case for trial.

After an unnecessarily protracted procedural history, most of which is the fault of Simmons, the case was finally tried, without a jury, on February 22, 2010. At trial, MTSU presented evidence concerning MTSU's protocol for making disbursements on a Perkins Loan and numerous exhibits were introduced including loan documents and receipts, all purportedly signed by Simmons.

The evidence presented by MTSU established that Simmons attended MTSU from the summer of 1988 to the spring of 1993, earning a total of 136 hours. During that time, MTSU made seven disbursements of loan proceeds to Simmons on the Perkins Loan/promissory note for a total of $9,000.00. Janie Chavis, Assistant Bursar at MTSU, testified that MTSU's protocol for making disbursements on a Perkins Loan is to have the student-recipient come into the school's business office, show identification, and sign the note prior to any disbursement. She further explained that only the recipient of the loan funds may sign off on the loan before receiving the loan proceeds. She testified that all disbursements on the Perkins Loan would have been made to Simmons and no one else. She also testified that

Simmons never made a payment on the Perkins Loan, or for that matter, on any obligation Simmons owed to MTSU while a student or at anytime thereafter.

Specifically, MTSU presented documentary evidence showing that Simmons signed the Perkins Loan promissory note eight times and that he signed seven MTSU Perkins Loan Program forms, which confirmed each disbursement to Simmons. MTSU also introduced into evidence documents showing that Simmons also signed two MTSU Pre-loan Counseling Forms, a MTSU Student Loan Repayment Schedule dated September 29, 1994, and a Final Truth-in-Lending Letter dated October 17, 1994.

MTSU also presented evidence of thirteen letters that had been mailed to Simmons informing him of his delinquent balance on the Perkins Loan. Simmons admitted that his mailing address was correct on at least some of those letters, nevertheless, he testified that he never received any of the letters.

MTSU also introduced evidence that at no time did MTSU receive a letter or other form of written notice from Simmons claiming that he did not sign any of the documents which bear his signature, yet Simmons claims that all eight of the signatures on the promissory note are forgeries. Simmons also testified that each of the seven MTSU Loan Program Forms that bear his signature are forgeries.

For his defense, Simmons testified that he did not borrow any money from MTSU, and that all of the loan documents at issue are forgeries. Moreover, although Simmons admits attending MTSU from 1988 to 1993, he admitted on the witness stand that he never made any payments to MTSU for his education.

The Perkins Loan promissory note, which was admitted into evidence, provides for the collection of interest, collection costs, and attorney's fees. Ms. Chavis testified that the total principal due MTSU was $9,000.00, that the total interest due at the time of trial was $6,460.27, and that the collection costs due MTSU at the time of trial, including attorney's fees, was $7,728.98, all of which total $23,189.25.

At the conclusion of the trial on February 22, 2010, the court informed the parties that it would exercise its authority pursuant to Tennessee Rule of Evidence 706 to appoint a handwriting expert to examine the documents and that it would delay the entry of judgment pending the handwriting analysis of the loan documents. After the parties were afforded the opportunity to submit names of experts, the court appointed Thomas W. Vastrick, a Forensic Document Examiner, to examine the questioned documents.

On July 2, 2010, MTSU filed with the court a copy of a letter by MTSU's attorney to Mr. Vastrick, dated June 17, 2010, listing the documents submitted by MTSU for review and comparison. Included were copies of the documents, all of which were served on Simmons's attorney. On July 16, 2010, Simmons filed a copy of his attorney's letter addressed to Mr. Vastrick and copies of submitted documents for Mr. Vastrick's review.

On September 29, 2010, the sworn affidavit of Mr. Vastrick, his *curriculum vitae*, his forensic document examination report, and his supplemental forensic document examination report were filed with the court. In his report and affidavit, Mr. Vastrick concluded that "Tracy Simmons is identified as the writer of the questioned Simmons signature entries."

Thereafter, Simmons filed motions to take the deposition of Mr. Vastrick and for leave to engage a second handwriting expert witness to examine the questioned documents. On September 29, 2010, an order was entered allowing Simmons to take the deposition of Mr. Vastrick but denying Simmons's application to have an additional handwriting expert to examine the questioned documents due, in part, to the length of time which had passed. The deposition of Mr. Vastrick was taken by Simmons's attorney on October 28, 2010.

On November 8, 2010, and December 6, 2010, Simmons filed responses to MTSU's motion for entry of judgment. On December 14, 2010, the court entered a memorandum order finding that MTSU had proven that the signatures on the contested loan documents were those of Simmons, that Simmons had made no payments to MTSU on the Perkins Loan, and that MTSU was entitled to judgment.

On January 13, 2011, an order of judgment was entered in favor of MTSU for $24,099.71. That judgment reads as follows:

ORDER OF JUDGMENT

This cause came on to be heard on February 22, 2010, upon plaintiff's suit to recover an educational loan defendant received to attend school at plaintiff, MTSU. Janie Chavis testified for plaintiff. Plaintiff introduced a Perkins Loan promissory note which appears to bear defendant's signature eight (8) times. In addition, plaintiff introduced seven (7) MTSU Perkins Loan Program forms which were signed by defendant and which provided defendant with information about each loan advance he received. Defendant testified that he attended school at plaintiff for five years and that he had not paid a penny for his MTSU education. Defendant testified that each of his eight (8) signatures on the promissory note were forged. He further testified that each of the seven (7) MTSU Loan Program forms that purport to bear his signature were forged.

-4-

MTSU introduced many letters which were sent to defendant asking that he repay his student loan, all of which defendant denied receiving. At the conclusion of the parties' proof, the Court directed that the relevant loan documents be examined and reviewed by a hand-writing expert. Forensic Document Examiner Thomas W. Vastrick reviewed the Perkins Loan promissory note at issue in this case and the seven (7) MTSU Loan Program forms along with several other documents. The expert concluded that defendant did, in fact, sign the Perkins Loan promissory note and the seven (7) MTSU Perkins Loan Program forms. The Court finds that MTSU has proven by a preponderance of the evidence that the signatures of the contested documents were made by defendant and that MTSU is entitled to a judgment for the full amount claimed, together with costs and pre-judgment interest.

It is, accordingly, ORDERED, ADJUDGED AND DECREED that defendant, Tracy Sorrell Simmons, a/k/a Tray Simmons, pay to plaintiff, Middle Tennessee State University, the principal sum of $9,000.00, plus accrued interest to the date of trial in the amount of $6,767.26, collection costs and attorney's fees in the amount of $7,882.45, and interest from February 22, 2010, until December 14, 2010, in the amount of $360.00, for a total of $24,009.71.

Thereafter, Simmons filed a motion to reconsider or to alter or amend the judgment. MTSU filed a response to Simmons's motion and MTSU also filed a motion for discretionary costs. Simmons filed a response and thereafter a notice of filing of a late-filed exhibit. By order entered on March 9, 2011, the court denied Simmons's motion to reconsider or to alter or amend the judgment and, by separate order on the same date, entered an order awarding MTSU discretionary costs of $1,064.70, plus a refund of $375.00 for half the costs MTSU paid to the handwriting expert. Simmons filed a timely appeal on April 8, 2011.

### ANALYSIS

Simmons raises three issues on appeal. He contends the court erred in denying his request to employ a handwriting expert witness; that the court placed undue weight on the only expert witness who testified; and that the court abused its discretion by assessing costs and fees against him without reviewing them for reasonableness. We find no merit in any of the issues raised.

Whether to grant or deny Simmons's post-trial motion to engage an expert is a decision that is wholly within the discretion of the trial judge. The only defense presented by Simmons throughout these proceedings was that the loan documents were forgeries, yet the

case was pending for two years and he never engaged an expert to address his only issue. The fact that he waited until after the trial was concluded, after the court appointed an expert to examine the questioned documents, and after he deposed the expert shows that Simmons was either negligent in preparing his defense or that he never intended to employ an expert witness, only that he wanted to delay the inevitable. We find no abuse of discretion in denying Simmons's belated request.

Simmons contends the court placed undue weight on Mr. Vastrick's opinion testimony. The court found Mr. Vastrick credible and he was the only expert to testify, accordingly the court was justified to give his opinion great weight. Moreover, there was other substantial and material evidence sufficient to prove that Simmons signed the questioned documents. For example, Ms. Chavis's testimony that her office required the student to personally appear in her offices, present proper identification, and personally sign the receipt for each disbursement of student loan was, by itself, sufficient to prove the plaintiff's case.

Finally, Simmons contends the court abused it discretion by assessing costs without reviewing their reasonableness. We find nothing in the record to support the assertion that the court did not review the costs for reasonableness. Moreover, Simmons presents nothing for this court to review concerning the alleged unreasonableness of the costs. Accordingly, we find no abuse of discretion in the award of discretionary costs and attorney's fees.

### MTSU'S COSTS AND ATTORNEY'S FEES INCURRED ON APPEAL

For its part, MTSU seeks to recover its reasonable and necessary expenses, including attorney's fees, incurred on appeal. We have concluded it is entitled to such. Accordingly, we remand this issue to the trial court to make the appropriate award upon proper application by MTSU of its costs and attorney's fees incurred on appeal.

### IN CONCLUSION

The judgment of the trial court is affirmed in all respects, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against the appellant, Tracy Sorrell Simmons a/k/a Tray Simmons and his surety.

 

_____

FRANK G. CLEMENT, JR., JUDGE